IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LARRY GENE CONNELL,

    Plaintiff,
vs.                                      Case No. 4:22-cv-00128-MW-MAF

"OFFICER ON DUTY,"
MAXINE SOUTHERN, and
ASIA SOUTHERN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Larry Gene Connell, a prisoner proceeding *pro se*, filed a handwritten civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not use the proper form and did not pay the $402 filing fee or submit a motion to proceed *in forma pauperis* (IFP). The filing has now been reviewed as required by 28 U.S.C. § 1915A.

Although Plaintiff's factual statements are vague, the events at issue occurred in Denver, Colorado; presumably, the defendants are also located there. ECF No. 1. Plaintiff's complaint is briefly summarized below.

I. **Plaintiff's Complaint, ECF No. 1.**

The complaint is not on the proper form. ECF No. 1. Plaintiff sues an "officer on duty"; Maxine Southern; and Asia Southern, who is Maxine's

sister. Id., p. 1. At the time, Plaintiff was living in a tent along the South Platte River in Denver, just four hundred yards from a water treatment facility. Id., p. 2. As best can be determined, sometime between "March 10-30" Maxine and Asia visited Plaintiff and then stole his cell phone. Id., p. 2. Through electronic tracking, Plaintiff learned that the phone was behind a "small outbuilding" at the water treatment facility. Id., pp. 3-4. Plaintiff was unable to access the property because only police personnel are permitted. Id., p. 4. Plaintiff believes Maxine corroborated with Denver or Englewood police to steal the phone. Id., p. 3. He claims that Colorado law enforcement and Maxine violated his constitutional rights. Id., p. 6. Plaintiff also includes seemingly random facts in his complaint, but it is unclear how they related to the alleged theft or any constitutional violation.

Plaintiff asks the Court for an investigation and to issue subpoenas for the facility's gate; his android phone data; and all data relating to his monitoring as a sex offender, email accounts, Wi-Fi, Bluetooth, mobile data, and social media accounts from seven other persons. Id., pp. 5- 7. Plaintiff seeks the appointment of counsel for protection. Id., p. 8. Finally, Plaintiff seeks court costs; attorney's fees; clerks fees; protection fees; $1.00 in punitive damages; and $11,000,000 in compensatory damages. Id.

## II. Plaintiff's Case Should be Transferred to the District of Colorado

It appears that Plaintiff has filed this case in the wrong judicial district. Venue for Section 1983 actions is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; . . .

Venue appears to be appropriate in the District of Colorado because this is where the events occurred and where the defendants presumably reside. Colorado is comprised of one judicial district. 28 U.S.C. § 85.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue *sua sponte* but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. No

hearing is necessary prior to directing the transfer of a case.

## III.  RECOMMENDATION

For the reasons stated, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the District of Colorado for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on April 6, 2022.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).